IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,  Case No.: 2:14-cr-201

v.  Judge Graham

James J. Wheeler

## OPINION AND ORDER

The Honorable Judge James L. Graham hereby recuses himself from the above-styled case. The case is to be transferred back to the unassigned docket, and redrawn for assignment.

In this case, the Defendant has pled guilty to (1) transferring obscene materials to a minor in violation of 18 U.S.C. § 1470 and (2) possessing visual depictions of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The Defendant's guideline range is driven by his child pornography offense. See PSI at ¶¶ 26–52 (applying a multiple count adjustment and the greater offense level for the child pornography offense, resulting in a total offense level of 21).

The Court's concerns regarding the child pornography sentencing guidelines are well-documented. See generally United States v. Pelloski, 31 F. Supp. 3d 952 (S.D. Ohio 2014); United States v. Childs, 976 F. Supp. 2d 981 (S.D. Ohio 2013); Hon. James L. Graham, The Sixth Circuit Broke New Ground in Post-Booker Guideline Sentencing with a Pair of Important Decisions, 26 Fed. Sent. R. 102 (December 2013). "There is widespread agreement among judges, lawyers and legal scholars that the guidelines for child pornography offenses are seriously flawed." Childs, 976 F. Supp. 2d at 982. Indeed, the belief that the child pornography sentencing guidelines are flawed is shared by the Sentencing Commission and the United States

Department of Justice.[1] The Court agrees with the Sentencing Commission's conclusion that "the current sentencing scheme results in overly severe guideline ranges for some offenders based on outdated and disproportionate enhancements related to their collecting behavior." United States Sentencing Commission, Child Pornography Report, at 321.

With respect to the Defendant's child pornography offense, a search of the Defendant's computer revealed a total of six images of child pornography, PSI at ¶ 38, the least number of images present in such a case that the Court can remember presiding over. Most of the images are of scantily clad prepubescent girls. One image may depict actual sexual conduct.

The Defendant has no criminal record, id. at ¶¶ 53–56, and is the primary provider for his family, Letter from Anne Wheeler, doc. 20-4. The Defendant's children, ages 17 and 21, are excellent students, and a lengthy sentence of imprisonment will prevent the Defendant from continuing to provide financial support for their education. Indeed, sentencing the Defendant to a lengthy term of imprisonment will likely impose on the children the obligation for care and support of the Defendant's infirm wife and mother. The Defendant's wife is being tested for Muscular Dystrophy—she suffers from uncontrollable tremors; regularly experiences a loss of balance; cannot walk without leg braces and a cane; and is unable to drive herself. Id. at ¶¶ 61, 64; Letter from Anne Wheeler. She relies on the Defendant to assist with her with her activities of daily life. Further, the Defendant is responsible for the care of his elderly mother who suffers

---

[1] See United States Sentencing Commission, Report to Congress: Federal Child Pornography Offenses, at ii (Dec. 2012), http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf (last visited June 22, 2015) (hereinafter "Child Pornography Report") ("as a result of recent changes in the computer and Internet technology that typical non-production offenders use, the existing sentence scheme in non-production cases no longer adequately distinguishes among offenders based on their degrees of culpability"); Letter from Anne Gannon, Nat'l Coordinator for Child Exploitation Prevention and Interdiction, Office of the Deputy Attorney General, U.S. Dep't of Justice, to Honorable Patti B. Saris, Chair, U.S. Sentencing Comm'n, at 1 (Mar. 5, 2013), available at http://sentencing.typepad.com/files/doj-letter-to-ussc-on-cp-report.pdf (last visited June 22, 2015) ("the Department agrees with the Commission's conclusion that advancement in technology and the evolution of the child pornography 'Market" have led to a significantly changed landscape—one that is no longer adequately represented by the existing sentencing guidelines").

from serious heart problems and has recently undergone surgery for oral cancer in February 2015. Letter from Etta Wheeler, doc. 20-5. As his wife's physical condition deteriorates, her ability to care for her mother-in-law will be significantly reduced.

Although the Court continues to believe that United States v. Booker, 543 U.S. 220 (2005) and its progeny support the conclusion that the child pornography sentencing guidelines are entitled to limited deference, the Sixth Circuit has held otherwise, see United States v. Bistline, 665 F.3d 758 (6th Cir. 2012) (Bistline I); 720 F. 3d 631 (6th Cir. 2013) (Bistline II). Bistline strictly limits a district court's ability to disagree with the child pornography guidelines on policy grounds and subjects such a disagreement to a heightened standard of review. Bistline is binding on this Court, and, in the Court's view, it prevents the Court from exercising its discretion in a manner consistent with the purposes of sentencing in this case.

Here, the possession of six images of child pornography results in a more severe guideline range than a crime involving an attempt to entice a minor to engage in prohibited sexual conduct. This illustrates the absurd results produced by the application of child pornography guidelines in certain cases. In most child pornography cases, the guideline range and the Court's somewhat constrained ability to sentence at variance with the guidelines have permitted this Court to impose a sentence consistent with the § 3553(a) factors. However, in this case, the limitations imposed by Bistline prevent the Court from choosing a sentence that it believes is sufficiently severe but no more severe than necessary to accomplish the goals of sentencing. Accordingly, the Court will recuse itself from this case.

IT IS SO ORDERED.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: July 7, 2015